UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LEANDRO VICUÑA, et al.,

    Plaintiffs,

    v.

ALEXIA FOODS, INC.,

    Defendant.
_____/

No. C 11-6119 PJH

**ORDER DENYING MOTION TO DISMISS**

Before the court is the motion of defendant Alexia Foods, Inc. ("Alexia") for an order dismissing the first amended complaint ("FAC") for failure to state a claim. Having read the parties' papers and carefully considered their arguments, the court hereby DENIES the motion.

Alexia produces various frozen food products, including potato products. Alexia's food product labels state "All Natural" over the company name. Alexia also uses the "All Natural" designation in advertising. Among the ingredients listed on the back of the potato product packages is "disodium dihydrogen pyrophosphate" ("DP"), which acts as a preservative to retain the natural color of the potatoes. Plaintiffs Leandro Vicuña and Pere Kyle filed this proposed class action alleging that Alexia misled them and other consumers by labeling as "All Natural" the potato products that include DP.

In the FAC, plaintiffs allege six causes of action – violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, et seq. ("CLRA"); unlawful, unfair, and fraudulent business acts and practices, in violation of Business & Professions Code § 17200 ("UCL");

false and misleading advertising, in violation of Business & Professions Code § 17500 ("FAL"); breach of express warranty; negligent misrepresentation; and unjust enrichment. Alexia now seeks an order dismissing the FAC for failure to state a claim.

**DISCUSSION**

A.   Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). Federal Rule of Civil Procedure 8(a) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50 (2009) (courts are not bound to accept as true "a legal conclusion couched as a factual allegation"). That is, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations and quotations omitted). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 558-59.

In addition, in actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir.1994).

B.  Defendant's Motion

Alexia argues that the FAC should be dismissed because the factual allegations are conclusory and otherwise inadequate to show that Alexia misrepresented the quality of its products; because the claims of deception and misrepresentation are not pled with particularity as required by Rule 9(b); and because the various causes of action fail to state a claim.

While some of the allegations of fraud and misrepresentation are rather skimpy, the gist of the claims sounding in fraud is that plaintiffs were deceived by the designation "All Natural" on the packages of potato products that they purchased (and possibly also in Alexia's advertising). This is sufficient to put Alexia on notice of the claims asserted against it, and the court finds overall that the claims are pled sufficiently to withstand a Rule 12(b)(6) motion to dismiss. In denying the motion, the court in no way intends to suggest that plaintiffs are likely to prevail on any of their claims, but rather only that numerous factual issues make this matter inappropriate for decision on a 12(b)(6) motion.

As for the various causes of action, the FAC adequately states a claim under the CLRA, the UCL, and the FAL. Under those statutes, the claims are evaluated under the "reasonable consumer" test, and a plaintiff must show that members of the public are likely to be deceived. See, e.g., Williams v. Gerber Prods. Co., 552 F.3d 934, 938 (9th Cir. 2008); Kasky v. Nike, Inc., 27 Cal. 4th 939, 951 (2002). Because the question whether a reasonable consumer would likely be deceived by the designation "All Natural" is a factual dispute, the court finds that these claims cannot be resolved at this stage of the litigation.

To state a claim for breach of express warranty, a plaintiff must allege facts sufficient to show that (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached. Weinstad v. Dentsply Int'l, Inc., 180 Cal. App. 4th 1213, 1227 (2010). Here, plaintiffs have adequately stated a claim that the designation "All Natural" constituted a description of the potato products, or a statement of fact about the potato products, and that the warranty was breached by the inclusion of an ingredient that was

3

arguably synthetic.

Finally, with regard to the unjust enrichment claim, there is a split within California courts regarding whether unjust enrichment is an independent cause of action. Some courts have explicitly stated that "there is no cause of action in California for unjust enrichment." See Jogani v. Superior Court, 165 Cal. App. 4th 901, 911 (2008); McKell v. Wash. Mut., Inc., 142 Cal. App. 4th 1457, 1490 (2006); McBride v. Boughton, 123 Cal. App. 4th 379, 387 (2004). Other California courts have recognized an independent cause of action for unjust enrichment. See Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000); First Nationwide Sav. v. Perry, 11 Cal. App. 4th 1657, 1662-63 (1992).

Generally, federal courts in California have ruled that unjust enrichment is not an independent cause of action because it is duplicative of relief already available under various legal doctrines. See, e.g., Stanley v. Bayer Healthcare LLC, 2012 WL 1132920 at *11 (S.D. Cal. Apr. 3, 2012); Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co. Inc., 2011 WL 846639 at *8 (N.D. Cal. Mar. 8, 2011); 3W s.a.m. tout bois v. Rocklin Forest Prods., Inc., 2011 WL 489735 at *5 (E.D. Cal. Feb. 7, 2011); Mattel, Inc. v. MGA Entm't, Inc., 2011 WL 1114250 at *74 (C.D. Cal. Jan. 5, 2011). However, there are other courts that have concluded that a plaintiff can state a claim for unjust enrichment. See, e.g., AFCM, Inc. v. Elite Global Farming and Logistics, Inc., 2012 WL 1309168 at *6 (N.D. Cal. Apr. 16, 2012).

This court agrees with those courts that have found that unjust enrichment is "not a cause of action . . . or even a remedy, but rather a principle, underlying various legal doctrines and remedies. It is synonymous with restitution." McBride, 123 Cal. App. 4th at 387 (citation omitted). Thus, unjust enrichment is not a stand-alone claim under California law; it is a fall-back theory that would come into play only in the event of a finding of liability on some other non-contractual claim. However, to the extent that plaintiffs intend the "claim" of unjust enrichment to be part of a claim of restitution based on quasi-contract, see id. at 388; see also McKell, 142 Cal. App. 4th at 1490, the court finds that the FAC adequately states a claim.

It is true that unjust enrichment applies only in the absence of an adequate remedy at law. See Paracor Finance, Inc. v. General Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996). Thus, for example, if two parties have a valid and enforceable written contract, the plaintiff is not generally permitted to proceed on a claim in quasi-contract. See California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Calif., Inc., 94 Cal. App. 4th 151, 173-74 (2001); see also Pinel v. Aurora Loan Servs., LLC, 814 F.Supp. 2d 930, 944 (N.D. Cal. 2011).

However, while a claim for restitution is inconsistent and incompatible with a related claim for breach of contract or a claim in tort, at the pleading stage, a plaintiff is allowed to assert inconsistent theories of recovery. See, e.g., Fed. R. Civ. P. 8(e)(2); Oki America, Inc. v. Microtech, Int'l, Inc., 872 f.2d 312, 314 (9th Cir. 1989); In re Wal-Mart Wage and Hour Employment Practices Litig., 490 F.Supp. 2d 1091, 1117 (D. Nev. 2007). For all these reasons, the court finds that the unjust enrichment cause of action must be evaluated as part of a dispositive motion, rather than as part of a 12(b)(6) motion.

## CONCLUSION

In accordance with the foregoing, the motion is DENIED. The May 2, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: April 27, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge