1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re: ALEXIA FOODS, INC. LITIGATION | Case Number: 4:11-cv-06119-PJH<br>CLASS ACTION<br><br>**~~AMENDED [PROPOSED]~~ ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date: July 10, 2013<br>Time: 9:00 a.m.<br>Courtroom: Courtroom 3, 3rd Floor<br>Judge: Hon. Phyllis J. Hamilton |
|---|---|

AMENDED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT

Plaintiffs Leandro Vicuña ("Vicuna"), Pere Kyle ("Kyle"), and David Eckstein ("Eckstein," collectively "Plaintiffs"), having filed a motion for an order preliminarily approving the settlement reflected in the Stipulation of Settlement ("Agreement") entered into by Plaintiffs and Defendant ConAgra Foods, Inc. ("ConAgra" or "Defendant"); that said motion having come on for a hearing before the above-entitled Court; the Court having reviewed and considered all documents, evidence and arguments of counsel presented in support of said motion; the Court being fully advised of the premises and good cause appearing therefore, the Court enters its order and, subject to final determination by the Court as to the fairness, reasonableness and adequacy of the settlement, finds and orders as follows:

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1. For settlement purposes only, pursuant to Federal Rule of Civil Procedure 23, the Court hereby conditionally certifies the following class ("Settlement Class")[1]: "All residents of the United States of America who, at any time between December 6, 2007, and July 10, 2013, purchased any of the referenced Alexia Products (i.e. "Sauté Reds," "Mashed Potatoes Yukon Gold Potatoes & Sea Salt," "Mashed Potatoes Red Potatoes with Garlic & Parmesan," "Waffle Fries," "Harvest Sauté," "Italian Sauté," "Sauté Sweets," and "Potato Bites")." Excluded from this definition are (a) ConAgra, (b) all of ConAgra's past and present respective parents, subsidiaries, divisions, affiliates, persons and entities directly or indirectly under its or their control in the past or in the present, (c) ConAgra's respective assignors, predecessors, successors and assigns; and the past or present partners, shareholders, managers, members, directors, officers, employees, agents, attorneys, insurers, accountants, (d) representatives of any and all of the foregoing, and (e) any government entities.

---

[1] Subject to the exclusions set forth in Section 5.3 of the Agreement.

2. The Court conditionally certifies the proposed Settlement Class, and finds that the requirements of Fed. R. Civ. P. 23(a) are satisfied, for settlement purposes only, as follows:

a. Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

b. Pursuant to Fed. R. Civ. P. 23(a)(2) and 23(c)(1)(B), the Court determines that there are common issues of law and fact for the Settlement Class.

c. Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Class Representatives (defined herein) are typical of the claims of the Settlement Class that they represent.

d. Pursuant to Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class. The interests of the Class Representatives are not antagonistic to those of the Settlement Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

3. The Court further finds that the requirements of Fed. R. Civ. P. 23(b)(3) are satisfied, as follows:

a. Questions of law and fact common to the members of the Settlement Class predominate over questions that may affect only individual members; and

b. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

4. The Court appoints Plaintiffs Vicuna, Kyle, and Eckstein as class representatives ("Class Representatives") for the Settlement Class.

5. The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints Roland

Tellis and Mark Pifko of Baron & Budd, P.C., and Nadeem Faruqi of Faruqi & Faruqi, LLP, as counsel for the Settlement Class pursuant to Fed. R. Civ. P. 23(g).

6. The settlement was the result of the parties' good-faith negotiations. The settlement was entered into by experienced counsel and only after extensive arm's-length negotiations. The Settlement Agreement is not the result of collusion.

7. The Settlement falls well within the range of reason. The Settlement has no obvious deficiencies.

8. The Court finds that the Agreement and the settlement set forth therein are preliminarily approved as fair, reasonable and adequate as to all potential Settlement Class[2] members.

9. The Court approves, as to form and content (or as may be amended by the Court), the Class Notice, Short Form Notice and Media Plan attached as Exhibits B, C and D to the Agreement.  The Court finds that the dissemination of the Class Notice, as directed by this Order, constitutes the best notice practicable under the circumstances and provides sufficient notice to all members of the Settlement Class.  The contents of the Class Notice and the manner of its dissemination satisfy the requirements of state and federal due process.  The Court authorizes the parties to make minor revisions to the Class Notice as they may jointly deem necessary or appropriate, without necessity of further Court action or approval.

10. The Rust/Kinsella Consulting firm is hereby appointed to administer the notice procedure, process the claims, objections, and opt-outs.

11. A final approval hearing shall be held by this Court to consider and finally determine:

    a. Whether the Agreement should be finally approved as fair, reasonable, and adequate;

---

[2] All capitalized and defined terms shall have the meaning ascribed to them in the Settlement Agreement.

  b. Whether to approve Plaintiffs' Counsel's Fee and Expense Application, as provided in paragraph 3.1 of the Agreement; and

  c. The merits of any objections to the Agreement and the settlement set forth therein, or any of its terms.

The final approval hearing described in this paragraph may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.

  12. Any members of the Settlement Class who do not request exclusion, and who object to approval of the proposed settlement in compliance with the requirements of the Agreement, may appear at the final approval hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate.

  13. Any member of the Settlement Class who desires exclusion therefrom must mail, by the date set forth in the Class Notice, the information required in the Class Notice completed to the addresses set forth in the Class Notice. All persons who properly submit a completed request for exclusion shall not be Settlement Class Members and shall have no rights with respect to the settlement.

  14. If the Agreement is finally approved, the Court shall enter a Settlement Order and Judgment approving the Agreement. Said Settlement Order and Judgment shall be fully binding with respect to all members of the Settlement Class who did not request exclusion by the date set in the Class Notice, in accordance with the terms of the Class Notice and the Agreement.

  15. All discovery, pretrial deadlines and other pretrial proceedings in this Action are stayed and suspended until further order of this Court, except as otherwise agreed to by the parties or as may be necessary to implement the Agreement or this Order.

  16. In the event that the proposed settlement as provided in the Agreement is not approved by the Court, or entry of a Settlement Order and Judgment as provided in the

Agreement does not occur for any reason, then the Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith shall become null and void.  In such event, the Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any and all parties thereto, who shall be restored to their respective positions as of the date of the execution of the Agreement.

17. The Agreement is not a concession or admission and shall not be used or construed against Plaintiffs, Defendant or any of the Released Persons as an admission or indication with respect to any claim of any fault or omission by Plaintiffs, Defendant or any of the Released Persons.  No act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any released claim or of any wrongdoing or liability of Defendant; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Nothing in this order shall be relied upon, cited as, constitute evidence of, or constitute an admission that class or collective action certification is or may be appropriate in any other action.

18. The dates of performance of this order are as follows:

a. The Class Notices shall be disseminated in accordance with the provisions of Section IV of the Agreement.  The parties shall use their best efforts to complete such dissemination by September 27, 2013.

b. Requests for exclusion must be received by November 27, 2013.

c. Online submissions of Claim Forms must be completed, and mailed Claim Forms must be postmarked, no later than November 27, 2013.

    d.    Objections to the settlement must be postmarked no later than November 27, 2013.

    e.    Plaintiffs' Counsel shall prepare and file with the Court a joint list of class members who have filed timely requests for exclusion by December 4, 2013.

    f.    Plaintiffs' Counsel shall file and serve papers in support of final approval of the Settlement, responding to any objections or motion to intervene, and requesting attorneys' fees, costs and expenses by October 28, 2013.

    g.    Defendant shall file papers, if any, in support of final approval of the settlement and responding to any objections or motions to intervene by November 11, 2013.

    h.    The final approval hearing shall be held on December 11, 2013, at 9:00 a.m.

19.    The Court retains jurisdiction to consider all further applications arising out of the proposed settlement.

IT IS SO ORDERED.

DATED: July 30, 2013



_____
Hon. Phyllis J. Hamilton
United States District Court Judge